1

2

3

4

5

6           IN THE CIRCUIT COURT OF THE STATE OF OREGON

7                        FOR MULTNOMAH COUNTY

8

| | |
|---|---|
| 9  ROBERT BLALOCK., | Case No.: 1104-04734 |
| 10           Plaintiffs, | FIRST AMENDED COMPLAINT (Unlawful Trade Practices, Civil Elder Abuse, Fair Debt Collection Practices, and Unlawful Debt Collection Practices, Intentional Infliction of Emotional Distress) |
| 11     vs. | |
| 12  MAXIMUM SECURITY ALARM INC. AKA | |
| 13  MAXIMUM SECURITY; and HILLCREST | NOT SUBJECT TO MANDATORY ARBITRATION; PRAYER |
| 14  DAVIDSON & ASSOCIATES LLC. | |
| 15           Defendant | Prayer $188,498 |

16                                    1.

17  Plaintiff, Robert Blalock, is an individual, residing in the Oregon. He is a disabled Veteran

18  whose disability is a heart condition and other medical conditions that are not likely to improve

19  in the next year. The disability prevents him from working in his occupation of bus driver. The

20  disability makes him vulnerable to financial abuse. Plaintiff is a vulnerable person under ORS

21  124.100(1)(e)(D) and a consumer as that term is defined at 15 U.S.C. § 1692a(3).

22                                    2.

23  [*Defendant Maximum Security Products Corporation is a New York corporation, operating from*

24  *an address of 3 Schoolhouse LN Waterford NY 12188* ] [**Defendant Maximum Security Alarm**

25  **Inc. is a Nevada corporation operating from a principal place of business at 1545 River**

26

FIRST AMENDED COMPLAINT - 1

Bret Knewtson, Esq
3000 NW Stucki PL STE 230-M Hillsboro OR 97124
P (503) 846-1160  bknewtson@yahoo.com Fax (503) 922-3181

EXHIBIT A

PAGE 1 OF 8

1  **Park DR STE 450 Sacramento CA 95815** and doing business in Oregon as Maximum Security

2  Alarm or Maximum Security (hereinafter Maximum). [*Maximum's registered agent has a*

3  *Multnomah County address.*]

4                                                    3.

5  Plaintiff Hillcrest Davidson & Associates LLC is a Texas debt collector with a principal place of

6  business at 850 N Dorothy DR STE 512 Richardson Texas 75081 (hereinafter Hillcrest).

7  Hillcrest uses the instrumentalities of interstate commerce and the mails in its business, the

8  principal purpose of which is the collection of debts and is a debt collector as that term is defined

9  by 15 USC 1692a(6).

10                                                   4.

11  [*Anderson Crenshaw & Associates (hereinafter Anderson)  is a debt collector operating from a*

12  *principal place of business located at 605 N Sherman ST Richardson Texas 75081, county of*

13  *Dallas and 12801 N Central Expressway STE 250 Dallas Texas 75243. Anderson uses the*

14  *instrumentalities of interstate commerce and the mails in its business, the principal purpose of*

15  *which is the collection of debts and is a debt collector as that term is defined by 15 USC*

16  *1692a(6).I*]

17                                                   5.

18  Maximum advertises its security systems and services on television. The ad invites the consumer

19  to contact Maximum to obtain a security system. In the spring of 2009 plaintiff saw Maximum's

20  ad on television and contacted Maximum. In that conversation, an employee of Maximum or an

21  agent of Maximum arranged to visit plaintiff at his home a couple of days later to facilitate the

22  purchase of an alarm/monitoring system.

23                                                   6.

24  Plaintiff recalls that the Maximum employee or agent "installer" arrived on the designated day, a

25  Friday, and handed plaintiff the contract and went to work installing the alarm system.  The

26  FIRST AMENDED COMPLAINT - 2

Bret Knewtson, Esq
3000 NW Stucki PL STE 230-M Hillsboro OR 97124
P (503) 846-1160 bknewtson@yahoo.com F (503) 922-3181

PAGE 2 OF 8

1   "installer" did not discuss the contract with plaintiff and did not explain to plaintiff his right to

2   rescind the contract or show him any form that plaintiff could use to rescind the contract and did

3   not disclose the information required by ORS 646.611 to be disclosed.

4                                        7.

5   Plaintiff recalls that the contract contained a three day unlimited guarantee allowing him to

6   cancel the contract in three days if he was not satisfied with the service for any reason.

7                                        8.

8   Plaintiff expressed his dissatisfaction with the service the following day, Saturday. On Sunday,

9   or Monday the "installer" returned at plaintiff's request. The "installer" agreed that the system

10   was not working properly.

11                                      9.

12   The "installer" attempted to convince plaintiff to try another product and offered to fix the

13   system. Plaintiff insisted that the system be taken out pursuant to his right to "guaranteed

14   satisfaction." The installer removed the system.

15                                     10.

16   Despite cancelling the contract, Maximum called over the next three months asking for payment.

17   Plaintiff's wife, Leora Blalock, reported to Maximum that the system had been removed and

18   disputed that plaintiff owed any money on the account. Maximum said they would look into it

19   and let her know. Plaintiff did not hear back. This happened several times but ultimately

20   Maximum stopped calling. Plaintiff reasonably believed that the company had corrected its

21   erroneous account records and did not learn otherwise until April 13, 2010.

22                                     11.

23   On April 13, 2010, Anderson, acting on behalf of Maximum as agent or employee of Maximum,

24   contacted plaintiff and demanded payment of $2,032.80. Plaintiff disputed the debt on the phone

25   but Anderson insisted that plaintiff pay it and threatened that if plaintiff disputed it then plaintiff

26

FIRST AMENDED COMPLAINT - 3

Bret Knewtson, Esq
3000 NW Stucki PL STE 230-M Hillsboro OR 97124
P (503) 846-1160  bknewtson@yahoo.com Fax (503)
922-3181

EXHIBIT A
PAGE 3 OF 8

1   would have to pay a lot more in court fees and attorney fees. [ **Plaintiff believes that after an**

2   **opportunity for discovery, the evidence will show that defendants knew that the debt was**

3   **not owed and falsely misrepresented to plaintiff that they could make him pay it. The**

4   **misrepresentation was intended to cause emotional upset and to coerce plaintiff into paying**

5   **the debt.**]

6                                    12.

7   The call scared plaintiff and he immediately acquiesced to the demand rather then endure the

8   harassment which caused him humiliation, embarrassment, anger, nervousness and loss of self-

9   esteem.

10                                   13.

11   Plaintiff, after an opportunity for discovery, believes the evidence will show that Maximum with

12   knowledge that plaintiff had already paid Anderson $2,032.80, hired Hillcrest to collect the same

13   alleged debt.

14                                   14.

15   Hillcrest with the knowledge that the alleged debt had already been paid, acting on behalf of

16   Maximum as agent or employee of Maximum, then sent plaintiff a letter, which was received by

17   plaintiff, dated May 12th 2010, demanding payment on behalf of Maximum.

18                                   15.

19   Plaintiff's wife called Hillcrest and told them the debt was paid. Hillcrest attempted to get

20   plaintiff to cancel the payment to Anderson. When that failed Hillcrest called, between five and

21   fifteen times, plaintiff's and wife's cell phones demanding plaintiff pay the debt again or

22   Hillcrest would "ruin his credit."

23                                   16.

24

25

26

FIRST AMENDED COMPLAINT - 4

Bret Knewtson, Esq
3000 NW Stucki PL STE 230-M Hillsboro OR 97124
P (503) 846-1160  bknewtson@yahoo.com Fax (503)
922-3181

EXHIBIT A

PAGE 4 OF 8

1  Each call caused plaintiff emotional upset. Plaintiff further believes that with an opportunity for

2  discovery, the evidence will show that Hillcrest was using an auto dialer to place the calls to

3  plaintiff and his wife's cell phones.

4                                                    17.

5  Plaintiff disputed the debt in writing several times and asked Hillcrest to cease calling until they

6  responded to plaintiff's specific disputes. In the disputes, plaintiff asked Hillcrest to stop calling

7  his wife's cell phone. Hillcrest continued to call and demand payment without responding to the

8  dispute. This attempt to collect a debt that plaintiff believed was not owed and was already paid

9  caused plaintiff anger, anxiety, irritation and emotional distress that interfered with plaintiff's

10  normal routines.

11                                    CLÁIMS FOR RELIEF

12                                                   18.

13  Plaintiff realleges the preceding paragraphs and incorporates them herein for all claims of relief.

14                                                   19.

15                                FIRST CLAIM FOR RELIEF (UTPA)

16  Maximum's act in coming to Plaintiff's home to sell him an alarm system is a home sale

17  governed by ORS 83.710. Failure by defendant, Maximum, to provide notice of a consumer's

18  right to rescind a contract as provided by ORS 83.710 and to honor plaintiff's proper exercise of

19  his right to reject the contract is a willful violation of ORS 646.608(1)(k).

20                                                   20.

21  Plaintiff is entitled to statutory damages of $200 for each of Maximums violations, numbering

22  pursuant to ORS 646.638 and actual damages of $40,000 for collecting a debt that is not owed.

23                                                   21.

24  Anderson's demanding payment for services or goods that are not owed is a violation of ORS

25  646.608(1)(s). Plaintiff is entitled to statutory damages of $200 for each of Anderson's violations

26

FIRST AMENDED COMPLAINT - 5

Bret Knewtson, Esq
3000 NW Stucki PL STE 230-M Hillsboro OR 97124
P (503) 846-1160  bknewtson@yahoo.com Fax (503)
922-3181

EXHIBIT  A
PAGE  5  OF  8

1   pursuant to ORS 646.638 and is jointly and severely liable with Maximum for actual damages of

2   $40,000 for collecting a debt that is not owed.

3                                   22.

4   Plaintiff will seek leave to amend to allege punitive damages pursuant to ORS 646.638(1).

5                                   23.

6   Plaintiff is entitled to attorney fees under ORS 646.638 for violations of the UTPA.

7                                   24.

8                   SECOND CLAIM FOR RELIEF (FDCPA)

9   Defendant [s, Anderson's and] Hillcrests, demanding payment for a debt that is not owed is a

10  violation of 15 USC 1692f and f(1); 1692e and e(2).

11                                  25.

12  Defendant Hillcrest's demand for payment on an account that had already been paid is a

13  violation 15 USC 1692(d) and (f).

14                                  26.

15  Defendant Hillcrest's failure to respond to plaintiff's dispute while continuing to collect the

16  alleged debt is a violation of 15 USC 1692g(b).

17                                  27.

18  Defendant Hillcrest's threat to falsely report to a credit reporting agency that the debt was owed

19  is a violation of 15 USC 1692e(2), e(5) and e(8).

20                                  28.

21  Plaintiff is entitled to attorney fees and costs for violations of the FDCPA pursuant to 15 USC

22  1692k(a)(3) against Hillcrest [and Anderson].

23                                  29.

24  Plaintiff is entitled to statutory damages in an amount up to $1,000 each against Hillcrest [and

25  Anderson] pursuant to 15 USC 1692(a)(2)(A).

26

FIRST AMENDED COMPLAINT - 6

Bret Knewtson, Esq
3000 NW Stucki PL STE 230-M Hillsboro OR 97124
P (503) 846-1160  bknewtson@yahoo.com  Fax (503)
922-3181


EXHIBIT A
PAGE 6 OF 8

30.

Plaintiff is entitled to actual damages of $60,000 against Hillcrest for it's violations pursuant to 15 USC 1692(a)(1).

31.

*[Plaintiff is entitled to actual damages of $40,000 against Anderson for it's violations pursuant to 15 USC 1692(a)(1).]*

THIRD CLAIM FOR RELIEF (ELDER ABUSE)

32.

Plaintiff is a vulnerable person as defined by ORS 124.100, et seq. *[Defendant's]* [**Maximum**] took advantage of his disability by wrongfully appropriated money from Plaintiff through the use of false statements, high pressure tactics and misrepresenting and/or withholding and/or concealing information about his right under state and federal law to rescind the contract and taking money from him.

33.

Plaintiff has been damaged as a result of this financial abuse in the amount of $2.032.80 for economic damages and $40,000 for non-economic damages.

34.

Plaintiff is entitled to attorney fees under ORS 124.100(2)(c) for violations of ORS 124.100.

**FOURTH CLAIM FOR RELIEF**

**(INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS)**

**35.**

**[Defendants intentionally inflicted emotional distress on plaintiff by lying about plaintiff's obligation to pay the debt, thereby inducing plaintiff to pay the alleged debt . This action subjected plaintiff to severe emotional distress. This caused plaintiff actual damages of $40,000 for the April**

FIRST AMENDED COMPLAINT - 7

Bret Knewtson, Esq
3000 NW Stucki PL STE 230-M Hillsboro OR 97124
P (503) 846-1160  bknewtson@yahoo.com Fax (503)
922-3181

EXHIBIT **A**
PAGE **7** OF **8**

1   collection acts initiated by Maximum and $60,000 of actual damages for the actions taken by

2   Maximum and Hillcrest after the alleged debt was paid. Plaintiff will seek leave to amend and plead

3   punitive damages]

4       WHEREFORE, plaintiff prays for,

5   1. $2,032.80 in actual damages and $[60,000] [$40,000] for emotional distress damages,

6       and $400 for statutory damages and attorney fees (to be determined) pursuant to ORS

7       646.638 against [Anderson and] Maximum.

8   2. That the amount awarded as economic and non-economic damages for the wrongful

9       taking of money from a vulnerable person be tripled pursuant to ORS 124.100 and

10      $126,098 be awarded [and attorney fees, against Maximum].

11  3. $1,000 in statutory damages each against defendants Hillcrest and Davidson and attorney

12      fees for violation of the Fair Debt Collection Practices Act.

13  4. $60,000 for actual damages against Hillcrest and attorney fees pursuant to the Fair Debt

14      Collection Practices Act.

15  5. [$100,000 for non-economic damages against Maximum, with Hillcrest jointly and

16      severally liable for $60,000 of that amount for intentional infliction of emotional

17      distress]

18

19                                      Dated this April 25, 2011

20                                          Bret Knewtson, OSB 03355
                                            Bret Knewtson, Esq
21                                          3000 NW Stucki PL STE
                                            230-M Hillsboro OR 97124
22                                          P (503) 846-1160
                                            bknewtson@yahoo.com Fax
23                                          (503) 922-3181

24

25

26
    FIRST AMENDED COMPLAINT - 8          Bret Knewtson, Esq
                                         3000 NW Stucki PL STE 230-M Hillsboro OR 97124
                                         P (503) 846-1160  bknewtson@yahoo.com Fax (503)
                                                  922-3181
                                                              PAGE  8  OF  8

IN THE CIRCUIT COURT OF THE STATE OF OREGON
FOR MULTNOMAH COUNTY

| | |
|---|---|
| ROBERT BLALOCK., <br>       Plaintiffs, <br>     vs. <br> MAXIMUM SECURITY ALARM INC. AKA <br> MAXIMUM SECURITY; and HILLCREST <br> DAVIDSON & ASSOCIATES LLC., <br>       Defendant | Case No.: 1104-04734 <br><br> Summons |

**DEFENDANT** Hillcrest Davidson & Associates LLC c/o Sean Atwood, Vice President 850 N
Dorothy DR STE 512 Richardson Texas 75081

*You are hereby required to appear and defend the complaint filed against you in the above entitled action
within thirty (30) days from the date of service of this summons upon you, and in case of your failure to do so,
plaintiff will apply to the court for the relief demanded in the complaint.*

**NOTICE TO THE DEFENDANT:  READ THESE PAPERS CAREFULLY!**

You must "appear" in this case or the other side will win automatically.
To "appear" you must file with the court a legal paper called a "motion"
or "answer." The "motion" or "answer" must be given to the court clerk
or administrator within 30 days along with the required filing fee. It must
be in proper form and have proof of service on the plaintiff's attorney or,
if the plaintiff does not have an attorney, proof of service upon the
plaintiff.
If you have any questions, you should see an attorney immediately.  If
you need help in finding an attorney, you may call the Oregon State Bar's
Lawyer Referral Service at (503) 684-3763 or toll free in Oregon at (800)
452-7636.

SIGNATURE OF ATTORNEY FOR PLAINTIFF

 Bret Knewtson OSB#03355
 3000 NW Stucki PL STE 230-M
 Hillsboro OR 97123
ATTORNEY'S NAME / ADDRESS
 (503) 846.1160
ATTORNEY'S PHONE NUMBER

*STATE OF OREGON;*      } ss.*County of* Multnomah      }
     *I, the undersigned attorney of record for the plaintiff, certify that the foregoing is an exact and
complete copy of the original summons in the above entitled action.*

ATTORNEY OF RECORD FOR PLAINTIFF

*TO THE OFFICER OR OTHER PERSON SERVING THIS SUMMONS:  You are hereby directed to serve a true
copy of this summons, together with a true copy of the complaint mentioned therein, upon the individuals or other
legal entities to whom or which this summons is directed, and to make your proof of service on the reverse hereof or
upon a separate similar document which you shall attach hereto.*

ATTORNEY FOR PLAINTIFF

EXHIBIT **B**
PAGE _1_ OF _1_

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| ROBERT BLALOCK | Case No. _____ |
| Plaintiff, | |
| v. | |
| MAXIMUM SECURITY ALARM INC. aka MAXIMUM SECURITY; and HILLCREST DAVIDSON & ASSOCIATES LLC | **CONSENT TO REMOVAL** |
| Defendants. | |

Defendant Maximum Security Alarm Inc. ("Maximum") hereby consents to removal of this action from Multnomah County Circuit Court to the United States District Court, District of Oregon, Portland Division, pursuant to the Notice of Removal filed by defendant Hillcrest Davidson & Associates LLC.

By consenting to this removal, Maximum does not waive any defenses or claims, including (but not limited to) any defenses based on jurisdiction, service, or statute of limitations.

DATED: June _15_, 2011

Name: _Andrew Higgins_

Title: _President / CEO_

On Behalf of Maximum Security Alarm Inc.

Page 1 – **CONSENT TO REMOVAL**

1245082

EXHIBIT C

PAGE 1 OF 1