IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

**ROBERT BLALOCK,**

    Plaintiff,

    v.

**MAXIMUM SECURITY ALARM, INC., et al.,**

    Defendants.

No. 3:11-cv-00720-MO

OPINION AND ORDER

**MOSMAN, J.**,

    The parties entered into a stipulated dismissal [38] in the above-captioned case entitling plaintiff to seek attorney fees by petition to this court. Plaintiff's counsel, Mr. Bret Knewtson, now seeks $46,750.00 in attorney fees [40] pursuant to 15 U.S.C. § 1692k(a)(3), Or. Rev. Stat. § 646.638, and Or. Rev. Stat. § 124.100(2)(c). Included in that request is $1,567.50 for time spent preparing the fee petition and related briefing. Mr. Knewtson also moves [48] for an award of $3,300.00 incurred to prepare his response to defendants' fee objections. For the following reasons, I award plaintiff $37,440.00 in attorney fees.

1 – OPINION AND ORDER

**DISCUSSION**

I.    <u>**Attorney Fees**</u>

To establish the amount of attorney fees that plaintiff's counsel should recover, I "must first determine the presumptive lodestar figure by multiplying the number of hours reasonably expended on the litigation by the reasonable hourly rate." *Intel Corp. v. Terabyte Int'l, Inc.*, 6 F.3d 614, 622 (9th Cir. 1993) (citing *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983)). In appropriate cases, I may then "adjust the 'presumptively reasonable' lodestar figure based upon the factors listed in *Kerr v. Screen Extras Guild, Inc*., 526 F.2d 67, 69–70 (9th Cir. 1975) . . . that have not been subsumed in the lodestar calculation." *Id*.

Plaintiff's initial fee request of $46,750 represents 170 hours of work billed at $275 per hour (Knewtson Decl. [42] at 4). In arguing that plaintiff's request is unreasonable, defendants object to the requested hourly rate and the number of hours spent on the litigation.

A.    **Reasonable Hourly Rate**

The burden is on the party seeking fees to show "that the requested rates are in line with those prevailing in the community for similar services of lawyers of reasonably comparable skill and reputation." *Jordan v. Multnomah Cnty*., 815 F.2d 1258, 1263 (9th Cir. 1987). "Affidavits of the plaintiffs' attorney and other attorneys regarding prevailing fees in the community, and rate determinations in other cases, particularly those setting a rate for the plaintiffs' attorney, are satisfactory evidence of the prevailing market rate." *United Steelworkers v. Phelps Dodge Corp*., 896 F.2d 403, 407 (9th Cir. 1990).

In determining whether Mr. Knewtson's requested hourly rate of $275 is reasonable, I begin with the 2012 Oregon State Bar Economic Survey ("2012 OSB Survey") as an "initial benchmark." *Roberts v. Interstate Distributor Co*., 242 F. Supp. 2d 850, 857 (D. Or. 2002). The

starting point for any fee award should be the average rate. That rate may be adjusted upward for a variety of factors, including case complexity, practice area complexity, or a demonstrably high level of expertise.

Defendants object to Mr. Knewtson's requested "enhanced fee" of $275 per hour as unreasonable and argue he failed to submit satisfactory evidence to support it. (Response [44] at 2–5.) They cite the 2007 OSB Survey[1] and note that Mr. Knewtson's requested rate is above the median rate, $180 per hour, for lawyers practicing in the tri-county area with 7–9 years of experience and that it is above the median rate, $200 per hour, for lawyers in the tri-county area practicing civil litigation (excluding personal injury cases). (Response [44] at 3.)  They argue that Mr. Knewtson's demonstrated and admitted experience level supports a reasonable hourly rate between $150 and $174 per hour, which is the 25th percentile set by the 2007 OSB Survey for the comparison groups that they argue are applicable. (*Id.* [44] at 3–5.)

To determine the applicable average rate in the 2012 OSB Survey, I look to Mr. Knewtson's experience and practice area. Mr. Knewtson was admitted to the Oregon State Bar in 2003, and states that he is a sole practitioner who specializes in the representation of debtors (Knewtson Dec. [42] at 1.) Mr. Knewtson submitted bills from September 13, 2010, through July 10, 2012. (Mot. Ex. 1 [40-1].) Thus, at all relevant times, Mr. Knewtson had approximately 7–9 years of experience while working on this case. His practice is located in Hillsboro, Oregon, which falls within the tri-county region. (Knewtson Decl. [42] at 1.)

According to the 2012 OSB Survey, for lawyers practicing in the tri-county area with 7–9 years of experience, the average hourly rate of lawyers in private practice was $209 and the median hourly rate was $200. For this same category of lawyers, the 75th percentile hourly rate was $225 and the 95th percentile hourly rate was $300.  Mr. Knewtson argues an "enhanced fee"

---

[1] The 2012 OSB Survey was released after defendants filed their brief.

3 – OPINION AND ORDER

of $275 per hour is appropriate because he "overcame the obstacles created by defendants and obtained a great result" and the "modest increase in his hourly rate from $225/hr to $275/hr" is "warranted by the usual contingent factors in taking a case like this." (Knewtson Decl. [42] at 6.) In support, Mr. Knewtson submitted his client's declaration, his own declaration, his billing records, and noted several of his recent attorney fee awards. (Mot. Ex. 1 [40-1].) (Blalock Decl. [41].) (Knewtson Decl. [42].) (Reply [48].)

Mr. Knewtson's client indicates that he was pleased with Mr. Knewtson's work. (Blalock Decl. [41] 2–3.) I find this declaration largely unpersuasive as to whether Mr. Knewtson is entitled to a reasonable hourly rate that is greater than the applicable average rate, considering Mr. Knewtson's client cannot attest to the prevailing rate in the community nor does he assert that he has a basis to compare Mr. Knewtson's services to those of similar lawyers.

According to his declaration, Mr. Knewtson taught bankruptcy, debt defense, and unlawful debt collection seminars for the Washington and Multnomah County Bar Associations, consumer law groups, and the Oregon State Bar Consumer Law Section. He also updated chapters in the Oregon State Bar Consumer Law Barbooks. Mr. Knewtson serves as the local chair of the Oregon National Association of Consumer Law Attorneys, as well as serving in a leadership role in other local legal organizations. Mr. Knewtson charges debtors who can afford to pay him and bankruptcy clients $225 per hour. (Knewtson Decl. [42] at 3.) In light of his experience and billing rate, I find this declaration persuasive as to whether Mr. Knewtson is entitled to a reasonable hourly rate that is greater than the applicable average rate. However, I also consider this declaration in the context of his entire briefing, which includes his admissions of inexperience with litigation.

4 – OPINION AND ORDER

Mr. Knewtson cites to several cases where he has been awarded fees that range from $225 per hour to $275 per hour. He did not describe what factors, if any, the state court judges considered in reaching their determinations as to the reasonableness of his requested fees in each case, nor did he provide copies of the opinions. Mr. Knewtson provided a copy of a federal district court case where he was awarded his requested hourly rate of $275 in light of his experience. I am persuaded that these cases represent a reasonable range of fee awards.

I adopt the 2012 OSB Survey hourly rate of $209 as my starting point. Although in some cases inflation rates are applied to the applicable average, I find it unnecessary here. Mr. Knewtson claims an hourly rate of $275, which is substantially above the average rate in the 2007 and 2012 OSB Surveys. In addition, the 75th percentile hourly rate was $225 in both the 2007 and 2012 OSB Surveys, and the 95th percentile hourly rate increased by merely a dollar between the surveys. While Mr. Knewtson's expertise in debt collection matters and the range of attorney fees he has been awarded in recent cases persuades me he is entitled to a small increase from the average, I find that he has not met his burden of proof to justify compensation above the 75th percentile, which is equivalent to his standard billing rate of $225 per hour.

Therefore, Mr. Knewtson is entitled to the reasonable hourly rate of $225 per hour for his work in this case.

### B.   Number of Hours Reasonably Expended on the Litigation

Mr. Knewtson alleges reasonably expending 182 hours on this litigation, including the time spent in preparation and defense of this petition for attorney fees. Defendants object on the following grounds: (1) plaintiff should have agreed to mediate sooner; (2) plaintiff should not recover fees for an unnecessary motion to compel; (3) plaintiff cannot recover attorney fees for clerical and secretarial tasks; (4) plaintiff cannot recover for time spent on pre-litigation matters;

(5) plaintiff's submission includes inflated/erroneous time entries; (6) plaintiff should not recover for time spent on the protective order; (7) plaintiff should not recover for time spent negotiating the appropriate form of release; (8) plaintiff spent an unreasonable amount of time on basic research and tasks; and (9) plaintiff spent an unreasonable amount of time drafting an unopposed motion to extend case deadlines and a notice of deposition.

Defendants contend that Mr. Knewtson should not recover attorney fees for the hours he spent on clerical and secretarial tasks. (Response [44] at 7.) "[P]urely clerical or secretarial tasks" should not be billed. *Missouri v. Jenkins*, 491 U.S. 274, 288 n.10 (1989). I agree with defendants that the time billed for making travel arrangements is purely clerical. Therefore, I deduct the 1.0 hour billed on March 21, 2012, for booking a flight to Texas, and 1.0 hour from the hours billed on March 27, 2012, because I find "check flights to Sacramento" is non-compensable. (Mot. Ex. 1 [40-1] at 9.)  In line with Mr. Knewtson's concessions, I also deduct the 0.2 hours billed for mailing the complaint on April 14, 2011, and the 0.1 hour billed for calendaring a discovery deadline on March 13, 2012.  (Reply [48] at 7.)

Defendants object to several of Mr. Knewtson's time entries as inflated or erroneous. Mr. Knewtson concedes that he included duplicative entries on September 12, 2011, and that the 0.8 hours billed was in error. (*Id.* [48].) Mr. Knewtson also concedes that the time entry billed on February 22, 2012, should reflect 0.4 hours instead of the original 1.0 hour he billed. (*Id.* [48].) Therefore, I deduct 1.4 hours, consistent with Mr. Knewtson's concessions. Many of defendants' remaining objections on the basis of inflated or erroneous time entries focus on an alleged exaggeration of 0.1 hour for otherwise reasonable work. I am not persuaded that I should make deductions on that basis.

Defendants' objection to the 5.8 hours that Mr. Knewtson claims to have spent on an unopposed motion to extend case deadlines is well-taken.  In his reply, Mr. Knewtson acknowledges that most of the time he billed for that motion was on fruitless searches for case law to support his position. (*Id.* [48] at 9–10.)  He agrees to a reduction and now claims only 1.0 hour for the preparation of the unopposed motion to extend deadlines. (*Id.* [48].)  I accept Mr. Knewtson's concession that only 1.0 hour is reasonable.

Defendants' objection to the 1.1 hours billed on April 11, 2011, is also well-taken as Mr. Knewtson's description of the billed time states only "[u]pdate lawsuit." (Mot. Ex 1. [40-1] at 2.) This description is too vague and general to show the hours were reasonably expended on the litigation; thus, I deduct 1.1 hours.

I find defendants' remaining arguments for deductions unpersuasive. Accordingly, after making the deductions addressed above, I find that Mr. Knewtson reasonably expended 154.7 hours litigating the merits of this action.

        **C.**    **Lodestar Calculation**

Based on the foregoing, I award Mr. Knewtson $34,807.50 in attorney fees in connection with this case. I have also considered the *Kerr* factors and determined that no adjustment is necessary.

    **II.**    **Supplemental Motion for Fee Related Attorney Fees**

Mr. Knewtson seeks attorney fees as a result of 5.7 hours of work preparing the fee petition and related briefing and 12.0 hours responding to fee objections. Generally, to determine the "proper amount of the fees-on-fees award," I apply "the same percentage of merits fees ultimately recovered." *Schwarz v. Sec.y of Health & Human Servs.*, 73 F.3d 895, 909 (9th Cir. 1995). "However, an inflated request for a 'fees-on-fees' award may be reduced to an amount

deemed reasonable." *Rosenfeld v. U.S. Dep't of Justice*, 2012 WL 4933317, at *15 (N.D. Cal. 2012).

Mr. Knewtson sought fees to account for 164.3 hours spent litigating the merits and received approximately 94% of this request based on my above ruling. I find, however, that Mr. Knewtson has failed to meet his burden to support the 12.0 hours he claims to have spent responding to defendants' objections. He did not provide any evidence to allow me to analyze whether this request was reasonable and did not support his request with billing records which would have allowed me to make deductions with greater precision. After reviewing the briefing, I conclude that Mr. Knewtson did not spend a substantial amount of time editing the document, performing legal research, or obtaining evidence to support his claim to attorney fees. Therefore, I deduct 50% of the hours spent responding to the fee objections. Mr. Knewtson is entitled to $2,632.50 in fees for the 11.7 hours reasonably spent in relation to this fee petition.

## CONCLUSION

Plaintiff's Statement for Attorney Fees [40] is GRANTED in part. Plaintiff shall recover $37,440.00 in attorney fees, including $34,807.50 in attorney fees for the initial representation and $2,632.50 in attorney fees for the fee petition and related briefing.

IT IS SO ORDERED.

DATED this   9th   day of November, 2012.

/s/ Michael W. Mosman__
MICHAEL W. MOSMAN
United States District Judge